# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KEVIN JAMES LISLE,

    Petitioner,

vs.

BRIAN SANDOVAL, *et al.*,

    Respondents.

2:15-cv-00351-APG-VCF

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus by Kevin James Lisle, a prisoner on Nevada's death row.

On July 29, 2015, the court denied Lisle's application to proceed *in forma pauperis* and ordered him to pay the $5 filing fee. *See* Order entered July 29, 2015 (ECF No. 4). Lisle paid the filing fee on August 31, 2015 (ECF No. 8).

The court has examined Lisle's *pro se* habeas petition in this case, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Lisle's petition in this case will be dismissed, without prejudice, as it challenges the same convictions that he challenges in two other habeas actions pending in this court, in both of which he is represented by counsel.

The court takes judicial notice of its records in *Lisle v. Baker, et al.*, 2:03-cv-1005-JCM-CWH, and *Lisle v. Baker, et al.*, 2:03-cv-1006-MMD-CWH, both of which were initiated in 2003 and remain pending in this court. In *Lisle v. Baker, et al.*, 2:03-cv-1005-JCM-CWH, a habeas

corpus action in which Lisle challenges his conviction for the murder of Kip Logan, Lisle is represented by counsel, who have filed, on Lisle's behalf, first and second amended habeas petitions. In the other case, *Lisle v. Baker, et al.*, 2:03-cv-1006-MMD-CWH, a habeas corpus action in which Lisle challenges his conviction for the murder of Justin Lusch, Lisle is, likewise, represented by counsel, who have filed, on his behalf, first, second, and third amended habeas petitions.

In this case, which was initiated *pro se* by Lisle on February 27, 2015, Lisle seeks to challenge the same convictions that he challenges in *Lisle v. Baker, et al.*, 2:03-cv-1005-JCM-CWH, and *Lisle v. Baker, et al.*, 2:03-cv-1006-MMD-CWH. This action is redundant of Lisle's other two federal habeas actions, and will be, for that reason, dismissed without prejudice.

If Lisle wishes to take any action with respect to his two pending habeas actions, he must do so by motions, filed by his counsel, in those cases. *See* LR IA 10-6(a) ("A party who has appeared by attorney cannot while so represented appear or act in the case.").

As this action is plainly subject to summary dismissal, the court will deny Lisle's motion for appointment of counsel (ECF No. 2). Appointment of counsel is unwarranted in this case.

Finally, the court notes that, in his *pro se* habeas petition in this action, Lisle makes allegations regarding the conditions of his confinement. In this regard, the court takes judicial notice of its records in *Lisle v. McDaniel, et al.*, 2:08-cv-00872-KJD-LRL, *Lisle v. Baker, et al.*, 3:09-cv-00479-RCJ-VPC, *Lisle v. McDaniel, et al.*, 3:10-cv-00064-LRH-VPC, and *Lisle v. Skolnik, et al.*, 3:11-cv-00338-RCJ-VPC, all of which are *pro se* civil rights actions that Lisle has litigated in this court. If Lisle wishes to bring a further action regarding the conditions of his confinement, he must do so under 42 U.S.C. § 1983, using the appropriate form for such an action.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall separately file the petition for writ of habeas corpus and supporting exhibits, which are currently filed as attachments 1 through 18 to the application to proceed *in forma pauperis* (ECF No. 1).

**IT IS FURTHER ORDERED** that petitioner's Motion for Appointment of Counsel (ECF No. 2) is denied.

1     **IT IS FURTHER ORDERED** that this action is dismissed without prejudice.

2     **IT IS FURTHER ORDERED** that the petitioner is denied a certificate of appealability.

3     **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly.

4     **IT IS FURTHER ORDERED** that the Clerk of the Court shall add Adam Paul Laxalt, Attorney General of the State of Nevada, to the CM/ECF docket, as counsel for respondents. The clerk of court shall serve respondents with a copy of the habeas corpus petition and a copy of this order. Respondents need take no action with respect to this case.

Dated this 11th day of September, 2015.

_____
UNITED STATES DISTRICT JUDGE

3